PEOPLE v. SANSA.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

1. WEAPONS ⬤⟿17—ILLEGAL POSSESSION—EVIDENCE.

In a prosecution under Penal Law (Consol. Laws, c. 40) § 1897, providing that any person not a citizen of the United States, who shall have or carry firearms or any dangerous or deadly weapons in any place at any time, shall be guilty of a felony, where defendant, not a citizen, kept revolvers in his bedroom the only character evidence admissible on defendant's behalf would have been that tending to show his peaceful and inoffensive traits.

[Ed. Note.—For other cases, see Weapons, Cent. Dig. §§ 20, 22–33; Dec. Dig. ⬤⟿17.]

2. CRIMINAL LAW ⬤⟿377—CHARACTER EVIDENCE—REPUTATION SUBSEQUENT TO ARREST—STATUTE.

In a prosecution against one not a citizen for carrying dangerous weapons, an offense denounced by Penal Law, § 1897, where defendant's good reputation, shown in evidence, started into circulation and was built up after his arrest, the evidence was incompetent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 836, 837, 840; Dec. Dig. ⬤⟿377.]

Appeal from Kings County Court.

Luciano Sansa was convicted of the crime of carrying a dangerous weapon, and he appeals. Affirmed.

Argued before CARR, STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Thomas C. Whitlock, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

PER CURIAM. [1] Evidence of the accused's good character may bear upon the improbability of his committing any offense involving a criminal intent. But the charge here made was established by his having and possessing these revolvers in his bedroom, defendant not being a citizen. Penal Law, § 1897. Hence evidence of good character could have little weight. People v. Greenwall, 108 N. Y. 296, 302, 15 N. E. 404, 2 Am. St. Rep. 415. Further, such testimony was not directed to show defendant's peaceful and inoffensive traits, the only subject for such character evidence. Wigmore, § 59; People v. Van Gaasbeck, 189 N. Y. 408, 82 N. E. 718, 22 L. R. A. (N. S.) 650, 12 Ann. Cas. 745.

[2] The good reputation, testified to, started into circulation and was built up after the defendant's arrest. Not being ante litem motam, it was subject to be swayed by the feelings which arose after his arrest, and therefore was incompetent. State v. Sprague, 64 N. J. Law, 419, 45 Atl. 788. Such testimony, having come in improperly, was rightly stricken out.

The judgment of conviction is therefore affirmed.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes